# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ROBERT SISNEROS**,

    Plaintiff,

    v.                                           NO. CIV 01-550 DJS/WWD

**PAY AND SAVE, INC., d/b/a
Lowe's Super Save**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Complaint filed November 8, 2001 (Docket No. 9). In that motion, Defendant asserts that Plaintiff failed to timely serve the complaint under the requirements of Fed.R.Civ.P. 4(m). In response, Plaintiff contends that good cause exists for his failure to timely serve Defendant and requests that the Court extend the time for service. The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

This action was filed on May 15, 2001. Fed.R.Civ.P. 4(m) specifies that a party must effect service within one hundred and twenty days of filing the complaint upon a Defendant within a judicial district of the United States. The deadline for Plaintiff to serve Defendant was September 12, 2001. However, Defendant was not served with the complaint until September 17, 2001. As grounds for

his failure to timely serve Defendant, Plaintiff states that on September 6, 2001, Plaintiff sent a copy of the summons and complaint to the Lamb County Sheriff's Department in Littlefield, Texas via overnight delivery. Plaintiff accompanied the documents with a letter noting that the deadline for service was September 12, 2001. Plaintiff's counsel's office confirmed that the Lamb County Sheriff's Department had received the documents, along with the service of process fee, on September 7, 2001. Unfortunately for Plaintiff, the deputy in the Lamb County Sheriff's Department who is tasked with serving documents was on vacation from September 3, 2001 until September 17, 2001. Upon his return to work, the deputy served Defendant.

As an additional reason for his failure to timely serve Defendant, Plaintiff cites to the terrorist attacks of September 11, 2001. However, he does not provide any basis for his claim that those events in any way affected his ability to serve Defendant with the complaint in this case. Plaintiff does not mention any efforts he was making to affect service which were thwarted by the terrorist attacks. The only basis he provides for his failure to timely serve Defendant is the fact that, although he provided his chosen process server with the complaint five days prior to the deadline for service, the individual responsible for serving papers in that sheriff's department was on vacation and was not aware of the complaint or the deadline for its service. Defendant points out that it maintains a registered agent and office within the state of New Mexico which could have accepted service of process.

Fed.R.Civ.P. 12(b)(5) permits dismissal of a complaint for insufficiency of service of process. Such a dismissal is without prejudice. Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995). "The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service.... If good cause is shown, the plaintiff is entitled to a mandatory

extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." Id. Although Rule 4(m) does not define good cause, the Tenth Circuit "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." In Re Kirkland, 86 F.3d 172, 174 (10th Cir.1996) (quoted in Hunsinger v. Gateway Management Associates, 169 F.R.D. 152, 154 (D.Kan. 1996). Similarly, "[m]istake of counsel or ignorance of the rules also usually do not suffice." Id. at 176.

This Court concludes that Plaintiff has not shown good cause for his failure to timely effect service. He allowed one hundred and fourteen of the one hundred and twenty-day period allowed to effect service pass without taking any action to serve Defendant. He has not addressed that delay and the last minute difficulties he experienced in serving Defendant do not excuse this substantial§ lapse. See Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir.1991) (Failure of a process server to perform does not constitute good cause, because it is the responsibility of counsel to monitor the process server to ensure that the defendant is properly served). Consequently, pursuant to the holding of Espinoza, *supra*, this Court should consider whether a permissive extension of time is warranted.

One factor that should guide courts in deciding whether to grant a permissive extension of time is whether the statute of limitations would now bar the plaintiff's claims. Espinoza, 52 F.3d at 842. In this case, Defendant avers that Plaintiff filed the complaint one day prior to the expiration of the ninety-day period for filing suit after receipt of his Notice of Right to Sue from the EEOC. It therefore appears that if this action would be precluded by the limitations of Title VII, 42 U.S.C. §2000(e)-5(f)(1), if it were dismissed without prejudice. In light of that fact and the short period of

time by which Plaintiff missed the deadline for service, the Court will grant a permissive five-day extension of time for service and deny the motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Complaint is denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**